J-S44044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MONTY WILLIAM JACKSON | |
| Appellant | No. 481 WDA 2015 |

Appeal from the Judgment of Sentence March 13, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001994-2014

BEFORE:  LAZARUS, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                **FILED AUGUST 19, 2015**

Monty William Jackson appeals from the judgment of sentence imposed in the Court of Common Pleas of Fayette County after a jury found him guilty of possession of drug paraphernalia.[1]  Upon careful review, we affirm.

The trial court has set forth the facts of this matter as follows:

On November 1, 2014, [Trooper Jonathon Monkelis of the Pennsylvania State Police] was on routine patrol when he came into contact with [Jackson] and noticed that he appeared to be "under the influence of something."  As [Trooper] Monkelis was doing a pat down of [Jackson], he felt and removed a syringe with a needle from [Jackson]'s pant leg.  An examination of [Jackson] revealed track marks on his arms which, in the expert opinion of [Trooper] Monkelis, were caused by injecting heroin or other substances.

_____

[1] 35 P.S. § 780-113(a)(32).

> The syringe and needle found in [Jackson]'s pant pocket were sent to Pennsylvania State Police Crime Lab for testing. Leonard McCoy, a forensic scientist at the Lab, and recognized by the Court as an expert in the field of analysis of controlled substances, tested the contents of the syringe at issue. In his expert opinion, the syringe contained a compound called monoacetel morphine, a derivative of opium. As such, it was a Schedule II Controlled Substance.

Trial Court Opinion, 5/12/15, at 2 (internal citations omitted).

On March 3, 2015, at the conclusion of a one-day trial, the jury convicted Jackson of possession of drug paraphernalia. On March 13, 2015, the court sentenced him to 6 to 12 months' incarceration. On March 20, 2015, Jackson filed a timely notice of appeal challenging the sufficiency of the evidence.

With respect to Jackson's challenge to the sufficiency of the evidence:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

***Commonwealth v. Lynch***, 72 A.3d 706, 707-08 (Pa. Super. 2013) (internal citations and quotation marks omitted).

The Controlled Substance, Drug, Device and Cosmetic Act prohibits the possession of drug paraphernalia as follows:

**§ 780-113. Prohibited acts; penalties**

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

. . .

(32) The use of, or possession with intent to use, drug paraphernalia for the purpose of planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packing, repacking, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance in violation of this act.

35 P.S. § 780-113(a)(32).

Drug paraphernalia is defined as

all equipment, products and materials of any kind which are used, intended for use or designed for use in . . . injecting, inhaling or otherwise introducing into the human body a controlled substance in violation of this act.

. . .

(11) Hypodermic syringes, needles and other objects used, intended for use, or designed for use in parenterally injected controlled substances into the human body.

35 P.S. § 780-102(b)(11).

Jackson claims the evidence was insufficient to prove beyond a reasonable doubt that the syringe was used for injecting a controlled substance. Jackson also argues that the syringe cannot be connected to him because he was never given a drug test and the syringe was not examined for fingerprints.

First, syringes and needles are specifically included within the definition of drug paraphernalia. 35 P.S. § 780-102(b)(11); *see Commonwealth v. Rosenfelt*, 662 A.2d 1131, 1137 (Pa. Super. 1995)

- 3 -

(noting syringes are statutorily defined as prohibited drug paraphernalia). Moreover, the Commonwealth presented expert testimony to prove that the syringe was in fact used with controlled substances and lab testing showed that the syringe tested positive for heroin residue.

Second, Jackson's claim that he is not connected to the syringe and needle is wholly frivolous. The syringe and needle were found in Jackson's pocket, which plainly establishes possession of the items. Jackson's possession of the syringe and needle laced with heroin residue satisfies the elements of possession of drug paraphernalia. ***Commonwealth v. Wright***, 846 A.2d 730, 738 (Pa. Super. 2004) (holding evidence was sufficient to establish guilt when, upon arrest, police searched and found drugs and other paraphernalia in defendant's pockets). Further, Trooper Monkelis testified that Jackson appeared to be under the influence and had "track marks" on his arm, which is evidence that he had used syringes and needles at some point prior to his arrest.

For the foregoing reasons, the evidence, when viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to sustain the verdict. ***Lynch***, ***supra***.

Judgment of sentence affirmed.


Judgment Entered.

- 4 -

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/19/2015